[No. 15996. Department Two. February 2, 1921.]

EARL FERLING, *Respondent*, v. WALKER D. HINES, *Appellant*.[1]

MASTER AND SERVANT (42, 154)—NEGLIGENCE—PLACES FOR WORK—QUESTION FOR JURY. It is for the jury to determine whether it was negligent for an employer to place an 800-lb. roll of belting on edge, unsupported so that it might fall upon a servant, and covered with burlap and a pile of paper cartons, rendering it obscure.

SAME (98, 161)—ASSUMPTION OF RISKS — KNOWLEDGE — QUESTION FOR JURY. In such a case, whether plaintiff knew or should have known of the condition of the belting is for the jury, where he testified that he did not know it was unsupported.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 19, 1920, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Geo. W. Korte* and *Lee & Kimball*, for appellant.

*Plummer & Lavin*, for respondent.

MOUNT, J.—This action was brought to recover for personal injuries suffered by the plaintiff by reason of

[1]Reported in 195 Pac. 219.

alleged negligence of the defendant. The action was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff. The defendant has appealed.

Appellant argues that the court erred in denying its motion for a directed verdict and also in denying the motion for a judgment notwithstanding the verdict.

The testimony of the respondent is to the effect that on July 11, 1919, he was working for appellant as a checker. His duties were to check freight out of a ware-house conducted by appellant in the city of Spokane. That, after his duties as checker ceased on July 11, 1919, he was directed by the foreman in charge of the warehouse to pile freight and arrange it for delivery the next day. That, as he was going to this work, he saw a box which he thought might be a box he had not been able to find at a previous time. That he stooped down to examine the address on the box, when a roll of belting, four or four and one-half feet high and seven or eight inches wide, weighing eight hundred to one thousand pounds, fell on him from behind and crushed his left foot. This roll of belting was covered with burlap. It had been left standing on edge and a pile of paper cartons was placed on top of it or over it. Respondent also testified that he did not know the belt-ing was not supported; that it was the practice when storing belting of this size to brace it against something or to lay it down flat so that it would not roll over. The evidence with regard to the practice of laying the belt-ing flat or bracing it against some stationary object, was disputed by appellant's witnesses, who testified that it was usually placed on edge.

We are satisfied the question of negligence of the appellant in placing this roll of belting on edge with cartons on top of it or over it, so as to render the dan-

ger obscure or the place unsafe, was a question for the jury. The questions whether the plaintiff knew of the condition of the belting or should have seen it or whether respondent himself caused the belting to fall, as argued by the appellant, are also questions for the jury. It follows that the trial court did not err in refusing to take the case from the jury or to grant the motion for judgment notwithstanding the verdict.

Judgment affirmed.

TOLMAN, MITCHELL, MAIN, and HOLCOMB, JJ., concur.